UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARGERITA NOLAND-MOORE<br>18012 Marcella Rd.<br>Cleveland, OH 44118<br><br>On behalf of herself and all others<br>similarly situated,<br><br>     Plaintiff,<br> *v.*<br><br>CITY OF CLEVELAND<br>(c/o Law Director Barbara Langhenry)<br>601 Lakeside Ave.<br>Cleveland, OH 44114<br><br>     Defendant. | CASE NO.  1:18-cv-02730<br><br>JUDGE ADAMS<br><br>**PLAINTIFF'S FIRST AMENDED<br>CLASS AND COLLECTIVE ACTION<br>COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), as a matter of right, Plaintiff Margerita Noland-Moore (hereinafter Plaintiff Moore), on behalf of herself and all others similarly situated, by and through counsel, respectfully files this First Amended Class and Collective Action Complaint, and states and alleges as follows:

## INTRODUCTION

1. Plaintiff Moore brings this case to challenge policies and practices of Defendant City of Cleveland (hereinafter referred to as "Cleveland" or "Defendant") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.  Plaintiff Moore brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated".  Plaintiff Moore also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and all other

members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff Moore is a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. Defendant City of Cleveland is a unit of local government and a municipal corporation organized under the laws of the state of Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

## **FACTUAL ALLEGATIONS**

10. Plaintiff has been employed by the City of Cleveland in the Division of Emergency Medical Service ("EMS") since being hired as a paramedic in approximately September 1992. She was promoted to captain from paramedic in approximately July 2005, and she is currently a captain.

11. Plaintiff, the FLSA Collective, and the Ohio Class were classified by Defendant as non-exempt employees and paid on an hourly basis.

12. Plaintiff, the FLSA Collective, and the Ohio Class worked in excess of forty (40) hours per week.

13. At all times relevant, Plaintiff, the FLSA Collective, and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

14. At all times relevant, Plaintiff, the FLSA Collective, and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### **Defendant's Failure to Pay Overtime Compensation at the Lawful "Regular Rate"**

15. The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours the employees worked in excess of forty hours each workweek.  29 U.S.C. § 207; O.R.C. § 4111.03.

16. The FLSA also required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee[.]"  29 U.S.C. § 207(e)(3).

3

17. Defendant did not properly calculate the regular rates of Plaintiff, the FLSA Collective, and the Ohio Class when paying them overtime compensation, but rather miscalculated their regular rates and underpaid their overtime compensation.

18. In determining their regular rates, Defendant did not properly include the wages paid to Plaintiff, the FLSA Collective, and Ohio Class in the form of longevity pay, or shift differential, as itemized on employee paystubs.

19. Defendant did not pay longevity pay overtime properly. For example, Plaintiff received at least $700 per year in longevity pay at all times relevant to this complaint, and worked hundreds of overtime hours per year. However, longevity pay was never included in overtime calculations in any pay period in 2015, 2016, 2017, or 2018.

20. Defendant did not pay shift differential overtime properly. For example, during the workweeks January 2, 2017 through January 15, 2017, Plaintiff more worked 12.03 hours of overtime and earned an additional $0.35 per hour shift differential for all 118.03 hours worked, including overtime hours. However, the shift differential was not factored into her rate of overtime pay—she was paid $43.29 per overtime hour instead of $43.67, as required under the FLSA.

21. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA as well as the statutes and common law of the State of Ohio.

22. Defendant's illegal pay practices concerning longevity pay were the result of systematic policies applied to employees throughout the City of Cleveland.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff Moore brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

25. The FLSA Collective consists of:

All present and former hourly employees of Defendant who received longevity pay and/or shift differential pay during the period of three years preceding the commencement of this action to the present.

26. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 8,000 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff Moore additionally brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio, defined as:

> All present and former hourly employees of Defendant who received longevity pay and/or shift differential pay during the period of three years preceding the commencement of this action to the present.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 8,000 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5, 516.6; Ohio Const. Art. II, § 34a; O.R.C. § 4111.08.

32. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant has engaged in a policy or practice of failing or refusing to pay overtime at the lawful regular rate to hourly employees during the period of two years preceding the commencement of this action to the present;
>
> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them; and
>
> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them was willful.

33. Plaintiff Moore's claims are typical of the claims of other members of the Ohio Class. Plaintiff Moore's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

34. Plaintiff Moore will fairly and adequately protect the interests of the Ohio Class. Plaintiff Moore's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

39. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

40. Plaintiff, the FLSA Collective and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

41. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

42. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

43. As a result of Defendant's violations of the FLSA, Plaintiff, the FLSA Collective and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT TWO
**(Ohio Overtime Violations)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violations of the Ohio overtime compensation statute, O.R.C. § 4111.03.

46. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

47. Defendant's failure to lawfully compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

48. These violations of Ohio law injured Plaintiff, the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

49. Defendant is therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)