## EXHIBIT 1

## JOINT STIPULATION OF
## CLASS ACTION SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. John R. Adams presiding, in the civil action entitled *Margerita Noland-Moore v. City of Cleveland*, Civ. Action No. 18-cv-2730, Plaintiff Margerita Noland-Moore ("Representative Plaintiff" or "Class Representative"), on behalf of herself and on behalf of the Class as defined herein, and Defendant City of Cleveland ("Cleveland" or "Defendant"), agree as follows.

## DEFINITIONS

1.      The Representative Plaintiff, the Class, and Defendant are collectively referred to as "the Parties."

2.      "Plaintiffs' Counsel" or "Class Counsel" are Ryan Winters, Joseph Scott, and Kevin McDermott of Scott & Winters Law Firm, LLC.  "Defendant's Counsel" are Jon M. Dileno, Lauren M. Drabic, and Ami J. Patel of Zashin & Rich Co., LPA.

3.      The "Class" or "Settlement Class" means all present and former hourly employees of Defendant who received longevity pay and/or shift differential pay that was not rolled into their overtime pay during the period November 26, 2015 to November 26, 2019.

4.      "Plaintiffs" shall mean the Representative Plaintiff and the Class collectively. "Class Members" means all of the Plaintiffs, including the Representative Plaintiff.

5.      The "Released Period" for Representative Plaintiff and the Class shall mean the period between November 26, 2015 to November 26, 2019.

6.      "Settlement" or "Agreement" shall mean this Class Action Settlement Agreement and Release.

## RECITALS

7.      On November 26, 2018, Plaintiff Margerita Noland-Moore commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted. She filed a First Amended Complaint on February 3, 2019.

8.      In the Action, Plaintiff alleged that Defendant failed to properly pay overtime compensation to its employees who received shift differential and/or longevity pay and worked in excess of 40 hours in any workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and Ohio Revised Code § 4111.03.

9.      Between March and May of 2019, the Parties engaged in informal yet comprehensive discovery regarding the Plaintiffs' claims and the Defendant's defenses to such claims.

10.     On July 24, 2019, the parties engaged in private mediation in an effort to resolve the claims.  The Parties did not reach a settlement on that date but continued their ongoing mediation/settlement efforts through telephonic and electronic communications, ultimately reaching agreement on October 22, 2019 to settle the Action on the terms set forth in this Agreement.

11.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Released Period.

12.     It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the Released Claims, which release includes in its effect the City of Cleveland, all present and former related entities, Mayors, officers, directors, employees, agents, representatives, attorneys, insurers, affiliates, successors, and assigns of Defendant.

13.     Plaintiffs' Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of the Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant.

14.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval. Specifically, the Parties will file with the Court a joint motion for preliminary approval of the Settlement Agreement. Provided the Court grants preliminary approval of the Settlement Agreement, the Parties agree to send notices to the Class Members regarding the settlement as provided herein.

15.     The total payment under this Settlement Agreement, including but not limited to all payments to Class Members including the Representative Plaintiff, Plaintiffs' Counsels' attorneys' fees and costs, and a Service Award to Representative Plaintiff, in recognition of her services in this Action and in exchange for her execution of a general Settlement and Release Agreement, is Six Hundred Nineteen Thousand Three Hundred Twenty Two Dollars and Thirteen Cents ($619,322.13) (the "Settlement Payment").

16.     This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the action have merit or that Defendant has any liability to Plaintiff on those claims.

## CERTIFICATION OF CLASS FOR
## SETTLEMENT PURPOSES ONLY

17.     The Parties agree and consent to the certification of the Class for settlement purposes only.  Any certification pursuant to this paragraph shall not constitute in this or any other proceeding an admission by Defendant of any kind or a determination that certification of a class for trial purposes is appropriate or proper. Defendant alleges that many issues outside the context

of this settlement could prevent certification of a Class for purposes of litigation. In the event the Court does not grant final approval of the Settlement Agreement, the Class shall be decertified and prior certification of the Class for settlement purposes shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action are satisfied, and Defendant expressly reserves all rights to challenge certification of a class for trial purposes in this or any other action on all available grounds as if no Class had been certified in this action.

## SETTLEMENT APPROVAL PROCEDURE

18.     This Agreement will become final and effective upon occurrence of <u>all</u> of the following events:

a.) Execution of this Settlement Agreement, and of the Settlement and Release Agreement attached as Exhibit 6 by the Representative Plaintiff, Defendant, and Defendant's Counsel.

b.) Submission to the Court of a Motion for Preliminary Approval of the Settlement Agreement.

c.) Entry of an Order by the Court, proposed by the Parties and attached as Exhibit 2, granting preliminary approval of the Settlement Agreement, and approving the form, content, and method of distribution of the proposed notice to Class Members, attached as Exhibit 3, of the pendency of this class action, the proposed settlement, and the date of the Fairness Hearing ("Class Notice") proposed by the Plaintiffs.

d.) Distribution of the Class Notice in the form and manner approved by the Court.

e.) Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court.

f.) Convening a Fairness Hearing.

g.) Entry of a Final Order and Judgment Entry, by the Court, proposed by the Parties and attached as Exhibit 5, granting final approval of the Settlement Agreement, approving the proposed distributions, and dismissing this Action with prejudice.

h.) Occurrence of the "Effective Date," which is defined as the date on which the Court's Final Order and Judgment Entry, granting final approval of the Settlement Agreement, approving the proposed distributions, releasing claims of the Representative Plaintiff and all Class Members, and dismissing this Action with prejudice, is no longer appealable (that being the thirty-first day after service of notice of entry of judgment or, if an appeal has been filed, the date on which the Parties have received actual notice that the Settlement Agreement has received final approval after the completion of the appellate process).

i.) The Court retaining jurisdiction over this Action for the purpose of enforcing the terms of the Settlement Agreement.

## SETTLEMENT PAYMENTS

19.     In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.) **Total Settlement Amount:**  The total payment under this Settlement Agreement, including but not limited to all payments to Class Members including the Representative Plaintiff, Plaintiffs' Counsels' attorneys' fees and costs, and a Service Award to Representative Plaintiff, in recognition of her services in this Action and in exchange for her execution of a general Settlement and Release Agreement, is Six Hundred Nineteen Thousand Three Hundred Twenty Two Dollars and Thirteen Cents ($619,322.13) (the "Total Settlement Amount").  All Plaintiffs receiving settlement funds shall receive an IRS Form W-2 for all amounts paid as wages under this settlement, making all deductions and withholdings required under law including the employees' share of all applicable payroll taxes, and shall receive an IRS Form 1099 for all amounts paid as liquidated damages and Class Representative's Service Award.

b.) **Calculation of Individual Payments:** $422,655.46 of the Total Settlement Amount will be divided into Individual Payments to the Settlement Class.  The Individual Payments, after deduction of the Class Representative Payments and Plaintiff's Counsel's attorneys' fees and expenses from the Total Settlement Amount, will be calculated by the Parties, and will be based proportionally on each Plaintiffs' overtime damages based on the calculations Defendant's Counsel provided to Plaintiff's Counsel on May 7, 2019, and updated calculations provided on December 9, 2019 and February 4, 2020.

c.) **Treatment of Individual Payments:**  One half of each Class Members Individual Payment will be treated as payment for wages, and one half will be treated as payment for statutory damages.  Defendant will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099 for all amounts paid as statutory damages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Class Member's previously elected wage withholding instructions.

d.) **Class Representative Payment:**  $5000 of the Total Settlement Amount will be paid to Representative Plaintiff as a Class Representative Payment, in addition to her Individual Payment as a Class Member, in exchange for signing a general release of all claims (proposed and attached as Exhibit 6) to the Parties' Joint Motion for Approval of Settlement, including all pending claims, against Defendant.  Defendant will issue to Representative Plaintiff a Form 1099 with respect to the Class Representative Payment.

e.) **<u>Plaintiff's Counsel's Attorneys' Fees and Expenses</u>** $191,666.67 of the Total Settlement Amount will be paid to Plaintiff's Counsel for attorneys' fees and expenses ($172,863.17 in attorneys' fees and $18,803.50 in expenses) incurred in the Action. Defendant, will issue to Plaintiff's Counsel Forms 1099 with respect to the attorneys' fees.

## APPOINTMENT OF SETTLEMENT ADMINISTRATOR

20.     The Parties will appoint a mutually agreeable Settlement Administrator for the Purpose of issuing notice to Class Members and managing the receipt of opt-out requests for exclusion and objections. The Settlement Administrator will report, in summary or narrative form, the substance of its activities. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out. The Settlement Administrator's payment and all costs of administration will be divided evenly between the Parties.

## NOTICE TO THE SETTLEMENT CLASS

21.     Within seven (7) days after the entry of an order granting preliminary approval of the Settlement Agreement and approving the proposed form and method of distribution of the Class Notice, Defendant will provide to Plaintiffs' Counsel and the Settlement Administrator a spreadsheet containing the names and last known addresses of all Class Members, according to records maintained by Defendant. Plaintiffs' Counsel agrees that this personal information will only be used for responding to inquiries from putative class members. Defendant will also provide the Class Members' Social Security numbers to the Settlement Administrator to trace undeliverable notices that are returned to the Settlement Administrator. Plaintiff's Counsel and the Settlement Administrator shall keep all personal information of Class Members confidential and shall only use it for purposes consistent with this Settlement Agreement.

22.     The Class Notice, in the form proposed by the parties and approved by the Court, shall be sent to the Settlement Administrator to the Class Members by first class mail within fourteen (14) days after Defendant provides Plaintiffs' Counsel and the Settlement Administrator a list of the names and last known addresses of all Class Members.

## OPT-OUT AND OBJECTION PROCESS

23.     Class Members may opt-out of the settlement by mailing a request for exclusion to the Settlement Administrator within 30 days after the Settlement Administrator mails the Class Notice or by the deadline established by the Court. Persons who are eligible to and do submit valid and timely requests for exclusion will not participate in the settlement, will not receive any settlement payment, and will not be bound by the terms of the Settlement Agreement, if it is approved, or by the Final Order and Judgment Entry in this Action.

24.     Class Members may object to this settlement by submitting objections to this Settlement Agreement within 30 days after the Settlement Administrator mails the Class Notice or

by the deadline established by the Court.  Objections must be in writing, and must include a description of the basis of the objection.  The objection must set forth the full name, current address, and telephone number of the objecting Class Member.  Any Class Member who does not serve timely written objections to the settlement shall not be permitted to present his or her objections to the settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the settlement by appeal or otherwise.

## SCHEDULE OF DISTRIBUTIONS

25.     Defendant will mail all settlement payments directly to the individual Class Members within sixty (60) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice.  Defendant will issue separate checks to each Plaintiff and Plaintiff's Counsel.  Plaintiff's Counsel and the Settlement Administrator will provide Defendant with any updated addresses for Plaintiffs that Plaintiff's Counsel and the Settlement Administrator become aware of during the notice period.  If any checks to Plaintiffs are returned as undeliverable to Defendant, the Settlement Administrator will make reasonable efforts to locate the Plaintiffs and redeliver the checks as provided in paragraph 28 of this agreement.  Upon the expiration of six (6) months after the Effective Date, the amount representing Individual Payments that have not been cashed or were unable to be delivered will revert back to Defendant.

26.     No later than sixty (60) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will mail to the Representative Plaintiff the Service Award approved by the Court in recognition of her service in this Action in the amount of $5,000.  Defendant will issue a Form 1099 to the Representative Plaintiff with respect to her Service Award. In addition, Representative Plaintiff shall be eligible to receive an Individual Payment under the same procedure applicable to other Class Members under this Settlement Agreement.

27.     No later than sixty (60) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will distribute attorneys' fees to Plaintiff's Counsel, Scott & Winters Law Firm, LLC, 812 Huron Rd. E., Suite 490, Cleveland, OH 44115, in the amount of $172,863.17, and reimbursement of litigation expenses in the amount of $18,803.50 submitted to the Court and approved in the Court's Final Order and Judgment Entry.  These sums will be deducted from, and will not be in addition to, the total Settlement Payment.  Defendant will issue a Form 1099 to Plaintiff's Counsel with respect to attorneys' fees and expenses.

## INDIVIDUAL PAYMENT PROCESS

28.     All Individual Payments shall remain negotiable for a 90-day period after the date of the initial distribution.  The face of each check sent to Class Members shall clearly state that the check must be cashed within ninety (90) days of its date of issuance.  Individual Payments that have not been cashed within this time frame will become non-negotiable and void.  For all Individual Payments that remain unpaid after the 90-day void period, the Settlement Administrator will perform a search of accessible databases, including but not limited to public retirement systems or other databases with which it has access, and one LexisNexis credit-header search to

obtain an updated address and phone number and will attempt to verify the updated address of the Class Member, if one is available. If the Settlement Administrator is able to verify the Class Member's updated address, an Individual Payment with a 90-day void period (from the date of mailing) will be reissued to the Class Member's current address.

29.     Whenever the Defendant obtains a new address (from the Defendant's searches, Plaintiffs' Counsel, or otherwise), the Defendant shall re-mail the Individual Payment using the most current address information then available. Additional mailings shall terminate when the efforts required by this Settlement Agreement to find correct addresses have been exhausted, or upon the expiration of eight months after the Effective Date, whichever occurs earlier.

30.     After the mailing of monetary payments to Class Members, at monthly intervals, Defendant shall provide Plaintiffs' Counsel a spreadsheet listing the names, addresses as originally provided, and most current contact information for all individuals whose Individual Payments have not been cashed.

31.     Plaintiffs' Counsel and Defendant's Counsel shall have the right to review and audit the activities of the Defendant pertaining to the settlement distribution at reasonable times and upon reasonable notice to the opposing counsel.

**RELEASES AND RELEASED CLAIMS**

32.     Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement including but not limited to in paragraph 35 below, the Representative Plaintiff, and all Class Members who did not submit timely and effective requests for exclusion fully release and discharge Defendant and all its present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all Released Claims as hereafter defined. The "Released Claims" shall consist of any and all federal and state wage-and-hour claims based on Defendant's overtime pay practices pertaining to shift differential and/or longevity pay, including but not limited to rights, demands, liabilities and causes of action asserted in Plaintiff's First Amended Complaint, filed on February 3, 2019, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act, pertaining to shift differential and/or longevity pay, for the Released Period. The "Released Claims" shall also consist of any and all statutory and common law claims, rights, demands, liabilities, and causes of action for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, and any other damages, amounts, or remedies based on Defendant's overtime pay practices pertaining to shift differential and/or longevity pay in all weeks worked during the Released Period, including but not limited to any potential related claims under the Ohio Prompt Pay Act (R.C. § 4113.15), implied contract, unjust enrichment, and estoppel.

33.     The payment of attorneys' fees and expenses to Plaintiffs' Counsel in paragraphs 19e and 27 includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal

of the Action. In consideration of these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action. If any Class Member chooses to be represented by his or her own lawyer in this Action, they must hire one at their own expense. The Parties agree that no other firms performed work on the case, or assumed responsibility for representation of Representative Plaintiff and the Class. The Parties further agree that no other firms will be proposed as Class Counsel, or share in the recovery of attorneys' fees provided in paragraphs 19e and 27.

34. The "Released Period" for Plaintiff and the Class shall mean the period between November 26, 2015 to November 26, 2019.

## DUTIES OF THE PARTIES BEFORE COURT APPROVAL

35. The Parties shall promptly commence the following steps to seek court approval of this Settlement Agreement and the entry of a Final Order and Judgment Entry thereon:

    a. The Parties will submit to the Court a motion for approval of the Settlement Agreement. The motion will include requests for Court approval of reasonable attorneys' fees and expense reimbursements to and the Service Award to the Representative Plaintiff in recognition of her service in this Action. Defendant will not oppose the motion and those requests, provided that the motion and requests are consistent with the terms and conditions of this Settlement Agreement.

    b. The Parties' motion will be accompanied by a proposed order granting preliminary approval of the Settlement Agreement, approving the form, content, and method of distribution of the Class Notice, and scheduling the date of the Fairness Hearing ("Preliminary Approval Order").

    c. In the event that the Preliminary Approval Order is entered, the Parties will cause the Class Notice to be distributed to the Class Members in the manner described above and approved by the Court.

    d. Prior to the Fairness Hearing, the Settlement Administrator will file with the Court a Declaration verifying that the Class Notice was distributed to the Class Members in the manner described above and approved by the Court.

    e. Prior to the Fairness Hearing, the Parties will submit to the Court for approval the proposed Estimated Schedule of Individual Payments.

    f. Prior to the Fairness Hearing, the Parties will submit to the Court an updated version of the proposed Final Order and Judgment Entry granting final approval of the Settlement Agreement, approving the proposed distributions, releasing claims of the Representative Plaintiff and all Class Members, and dismissing this Action with prejudice.

## VOIDING THE SETTLEMENT AGREEMENT

36.     If the Court does not approve this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable, the settlement Class will be decertified, and the litigation will proceed forward.

37.     The Parties agree not to encourage Class Members to opt out of the settlement.

38.     Defendant may withdraw from and void this Settlement Agreement if Twenty percent (20%) or more Class Members opt out of the settlement by submitting timely and valid requests for exclusion.  Defendant must exercise this option by providing written notice to the Settlement Administrator, Plaintiffs' Counsel, and the Court within seven (7) days after the deadline established by the Court for Class Members to mail requests for exclusion to the Settlement Administrator.

39.     The Parties reaffirm and agree to comply with all of the obligations set forth in paragraph 17 of this Settlement Agreement regarding certification of the Class for settlement purposes only. To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, or Defendant exercises its limited right to withdraw from and void this Settlement Agreement pursuant to paragraph 38, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Class Representative in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge class action treatment on any grounds and to assert any and all other potential defenses or privileges.  The Class Representative and Plaintiffs' Counsel agree that Defendant retains and reserves these rights.  Specifically, the Class Representative and Plaintiffs' Counsel agree that, if the Action were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from contesting class action certification, or from asserting any and all other potential defenses and privileges.  This Settlement Agreement shall not be deemed an admission by, or ground for estoppel against Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested on any other grounds.

## PARTIES' AUTHORITY

40.     The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.  The Representative Plaintiff represents that she is authorized to enter into this Settlement Agreement in both her individual and representative capacity.

## APPROVAL AND DISMISSAL OF THE ACTION

41.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this

Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the courts, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

42. The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the Court.

43. Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SEVERABILITY

44. If, after the occurrence of the Effective Date, any non-material term of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

## NO ADMISSION OF LIABILITY

45. Each of the Parties has entered into this Settlement Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of wrongdoing, liability, culpability, and/or negligence on the part of Defendant or that any fact or allegation asserted by either Party was true.

46. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission of violations of federal, state, or local law as to the payment by Defendant of overtime compensation, nor as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## BREACH

47. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## CONSTRUCTION AND INTERPRETATION

48. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this

Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

49.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

50.     This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

## JURISDICTION

51.     The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement Agreement.

52.     If the Parties have disagreement over any of the term(s) of this Agreement, or compliance with or implementation of said terms, and cannot resolve such issues by themselves, they agree to promptly submit such issue(s) to mediation with Jerome Weiss, Esq.  If the Parties cannot then reach an agreement, the Court will have jurisdiction to make a binding determination.

## MODIFICATION

53.     This Settlement Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.  Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

54.     With the exception of the Settlement and Release Agreement between Defendant and Margerita Noland-Moore, this Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Litigation), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

55.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS SIGNATORIES

56.   It is agreed that it is impractical to have each Class Member execute this Settlement Agreement.  The Class Notice will advise all Class Members of the binding nature of the release

and such shall have the same force and effect as if each Class Member executed this Settlement Agreement.

## COUNTERPARTS

57.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. This Settlement Agreement may be executed by signature or electronic signature of each of the Parties hereto, including copies transmitted by facsimile machine or e-mail.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:


_____     Date:  _____
MARGERITA NOLAND-MOORE

_____     Date:  _____
PLAINTIFFS' COUNSEL
RYAN A. WINTERS


_____     Date:  _____
PLAINTIFFS' COUNSEL
JOSEPH SCOTT


_____     Date:  _____
CITY OF CLEVELAND
BARBARA LANGHENRY


_____     Date:

_____
DEFENDANT'S COUNSEL
JON M. DILENO


_____     Date:  _____
DEFENDANT'S COUNSEL
LAUREN M. DRABIC