# NOTICE OF SETTLEMENT

*Noland-Moore v. City of Cleveland, 1:18-cv-02730*
**United States District Court, Northern District of Ohio**

*A court has authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*Your legal rights are affected whether you act or do not act.*

**To:** All present and former hourly employees of the City of Cleveland who received longevity pay and/or shift differential pay that was not rolled into their overtime pay during the period November 26, 2015 to November 26, 2019 (referred to as "Class/Collective Action Members").

**Class/Collective Action Members who participate in the settlement may be eligible to receive a payment from the settlement described in this Notice of Settlement ("Notice").**

**Please read this document carefully. Your rights and options and the deadlines to exercise them are explained in this Notice.**

| 1. Why did I get this Notice? |
| --- |

You received this Notice because the records of the City of Cleveland identify you as a Class/Collective Action Member, as that term is described above.

The purpose of this Notice is to explain the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What is the Lawsuit About? |
| --- |

The United States District Court in Akron, Ohio (the "Court") presides over this lawsuit, which was filed in November 2018 by Plaintiff Margerita Noland-Moore ("Plaintiff") against the City of Cleveland ("Cleveland"). The lawsuit generally alleges that Cleveland violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act by failing to pay hourly employees of the City of Cleveland overtime compensation properly – Plaintiff alleges that she and other hourly employees' longevity pay and/or shift differential pay were not properly factored into their overtime pay. The lawsuit is brought as a "class action" and a "collective action" on behalf of all hourly employees of the City of Cleveland who worked during the period between November 26, 2015 to November 26, 2019 and who received longevity pay and/or shift differential pay that was not rolled into their overtime pay, as defined in the Joint Stipulation of Class Action Settlement and Release (the "Stipulation"). These employees are referred to as Class/Collective Action Members.

Cleveland denies all allegations in the Lawsuit, raises affirmative defenses, and contends that it has fully complied with the FLSA, Ohio wage and hour laws, and all other applicable laws. The Settlement is not an admission of any wrongdoing by Cleveland or an indication that any law was violated. Cleveland and the Plaintiff (together, the "Parties") have reached a settlement subject to Court approval as represented in the Stipulation.

| 3. | **Why is there a settlement?** |

The Court has not decided in favor of Plaintiff or in favor of Cleveland. There was no trial. Instead, both sides agreed to a no-fault settlement of the Lawsuit.

*The settlement is a compromise*. It allows the Parties to avoid the costs and risks of further litigation and provides money to Plaintiff and other Settlement Participants without additional delay.

In reaching this settlement, Cleveland has not admitted that it violated any laws. On the contrary, Cleveland continues to assert that its pay practices are legal.

| 4. | **What does the settlement provide?** |

If the Court approves the settlement, a total of $619,322.13 will be distributed to the Class/Collective Action Members who participate in the Settlement ("Settlement Participants"), Plaintiff, and Plaintiff's lawyers. If the Court approves all of the fees, expenses, and the service award requested by Plaintiff and her lawyers, $422,655.46 (the "Net Settlement Amount") will be distributed to the Settlement Participants.

Each Settlement Participant's individual settlement payment will be based proportionally on each Plaintiffs' alleged actual overtime damages from Cleveland's alleged failure to properly factor longevity pay and/or shift differential pay into overtime pay from November 26, 2015 to November 26, 2019 based on an analysis of Cleveland's payroll data. Class Members are recovering approximately 89% of the overtime compensation they were allegedly denied over the three-year limitations period.

One half of each Settlement Participant's Individual Payments will be treated as payment for wages, and one half will be treated as payment for statutory "liquidated" damages. Cleveland will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099 for all amounts paid as liquidated damages under this Settlement. Cleveland will determine the proper tax withholding amounts on the W-2 payments in accordance with each Class Member's previously elected wage withholding instructions.

If you have any questions or concerns about the determination of your individual payment amount, please contact the Claims Administrator. The Claims Administrator's contact information is:

>[Claims Administrator]
>P.O. Box _____
>_____,__ _____.

| 5. | **How can I receive a settlement payment?** |

If this Notice is addressed to you, then Cleveland's records reflect that you are a Class/Collective Action Member and *you do not need to do anything to receive your Individual Settlement Payment.* If you do nothing and the Court ultimately approves the settlement, you will receive your Individual Settlement Payment estimated to be the amount described in Section 4 above.

| **6.** | **What do I give up by receiving a settlement payment?** |

If you do nothing, you will release Cleveland and all its present and former related entities, Mayors, officers, directors, employees, agents, representatives, attorneys, insurers, affiliates, successors, and assigns, from any and all Released Claims as hereafter defined. The "Released Claims" consist of any and all federal and state wage-and-hour claims based on Cleveland's overtime pay practices pertaining to shift differential and/or longevity pay, including but not limited to rights, demands, liabilities and causes of action asserted in the Lawsuit, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act, pertaining to shift differential and/or longevity pay, for the Released Period – November 26, 2015 to November 26, 2019. The "Released Claims" also include any and all statutory and common law claims, rights, demands, liabilities, and causes of action for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, and any other damages, amounts, or remedies based on Cleveland's overtime pay practices pertaining to shift differential and/or longevity pay in all weeks worked during the Released Period, including but not limited to any potential related claims under the Ohio Prompt Pay Act (R.C. § 4113.15), implied contract, unjust enrichment, and estoppel.

The above description is a summary of the release described in the Stipulation. If you want a copy of the complete release language or have any questions about the release, please call one of the law firms listed in Section 9 below and ask to speak with one of the lawyers handling the Cleveland 2018 Wage Lawsuit.

| **7.** | **How can I exclude myself from the settlement?** |

If you do not want to participate in this settlement, then you must take steps to exclude yourself from the settlement.

To exclude yourself from the settlement, you must prepare a note or letter simply stating: "I want to be excluded from *Noland-Moore v. City of Cleveland,* Civ. Action No. 18-cv-2730." The letter or note may be typed or handwritten. Be sure to include your signature, name, address, and phone number. To be valid, your exclusion request must be postmarked no later than **[*insert*]** and be mailed to: Cleveland 2018 Wage Lawsuit, c/o _____, P.O. Box _____, _____,__ _____. You cannot exclude yourself on the phone, by email, or on Class Counsel's website.

Importantly, if you exclude yourself from the settlement, you will not receive any settlement payment and you will not waive any legal claims against Cleveland. You will not be bound by anything that happens in this lawsuit.

| **8.** | **How can I object to the settlement?** |

If you stay in the class and do not want the Court to approve the settlement, you can ask the Court to deny approval of the settlement by filing an objection. You cannot ask the Court to order a different settlement. The Court can only reject or approve the settlement. If the Court denies approval of the settlement, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object to the settlement, you must prepare a letter or note stating that you "object" to the settlement in *Noland-Moore v. City of Cleveland,* Civ. Action No. 18-cv-2730within 30 days of the mailing of this notice. You may (but are not required to) consult with or retain an attorney to assist you in drafting the objection. Your objection may be typed or handwritten. Be sure to include your signature, full name, address, and telephone

number.  Also, you must state whether your objection applies only to you, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

To be valid, your objection ***must be postmarked on or before*** [*insert*] and must be mailed to the Claims Administrator at:  Cleveland 2018 Wage Lawsuit, c/o _____, P.O. Box _____, _____,__ _____.  The Claims Administrator will file your objection with the Court.

## 9. Do I have a lawyer?

The Court has appointed the following law firm to represent the Class Members: SCOTT & WINTERS LAW FIRM, LLC, 812 Huron Rd. E., Suite 490, Cleveland, Ohio 44115; **TEL. (216) 912-2221; FAX. (216) 350-6313**. Lawyers from this firm will answer your questions about the lawsuit and settlement free of charge and in strict confidence.  If you call, please identify yourself as a "Class Member" in the "Cleveland 2018 Wage Lawsuit" and ask to speak with one of the assigned lawyers.

## 10. How do the lawyers get paid and does Ms. Noland-Moore get any extra money?

The law firms identified in Section 9 above have worked on this lawsuit to date without being paid.  Under the settlement, the attorneys will ask the Court to approve legal fees and expenses of $191,666.67.  The Court has not yet decided whether it will approve these requested fees and expenses.  If the Court approves the entire request, the resulting legal fee (after deductions for expenses) will be approximately 30.9% of the total $619,322.13 value of the settlement.  You will ***not*** pay any legal fees or expenses out of your individual settlement payment listed in Section 4 above.

In addition, the above lawyers will ask the Judge to approve an extra "service award" payment of $5,000 to Plaintiff in recognition of her role in pursuing this lawsuit and obtaining a recovery for the class.  The Court has not yet decided whether it will approve this requested service award.

## 11. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing to decide whether to approve the settlement.  You are not required or expected to attend that hearing.  However, you are welcome to attend.

The Final Approval Hearing will take place on _____, 2020 at ___ in Room 510 of the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308.

During the hearing, the Court will consider whether the settlement should be approved as fair, reasonable, and adequate.  The Court also will consider all written objections to the settlement and will hear from any Class/Collective Action Members (or their legal representatives) who wish to be heard.  The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs, and the Plaintiff's Service Award.

The Court may reschedule the Final Approval Hearing without further notice to the Class/Collective Action Members.  Any Class/Collective Action Member who has submitted a timely objection to the settlement will be notified by the Claims Administrator of any rescheduling of the date and time of the Final Approval Hearing.

### 12. When can I expect to receive my Individual Settlement Payment?

Your Individual Settlement Payment will be mailed to you approximately 60 days after the Court's final approval of the Settlement.  ***Your payment will be mailed to the address on file for you with the City of Cleveland.***  Please do not telephone or contact the Court for information about this settlement or the claims process.

### 13. How do I obtain more information?

This notice summarizes the proposed Settlement.  For the precise terms and conditions of the settlement, please contact the Claims Administrator or Class Counsel.

**PLEASE <u>DO NOT</u> TELEPHONE THE COURT OR THE CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

### 14. Additional Important Information

**A.     It is your responsibility to ensure that the Claims Administrator** has your current mailing address and telephone number on file, as this will be the address to which your Individual Settlement Payment will be sent. If you would like your Individual Settlement Payment sent to a different address, please complete the change of address form attached hereto and mail it to: Cleveland 2018 Wage Lawsuit, c/o _____, P.O. Box _____, _____,__ _____.

**B.     Settlement Payment checks <u>must be cashed</u> soon after receipt**.  You will have approximately six months to cash your check.  If your check is lost or misplaced, you should immediately contact the Settlement Administrator to request a replacement.

**C.     Cleveland will not retaliate against any individual for participating in this Action.**

*Noland-Moore v. City of Cleveland*  
*Class Action Settlement Administrator*  
c/o [Claims Administrator]  
P.O. Box \_\_\_\_\_  
_____,\_\_ \_\_\_\_\_  
Phone: _____  
Email: _____

«FIRST NAME» «LAST NAME»  
«ADDR1»  
«ADDR2»  
«CITY» «ST» «ZIP»

**<u>Change of Address</u>**

I wish to change my mailing address to the following:

     Name: _____

     Street and Apt. No., if any: _____

     City, State and Zip Code: _____

    I understand that all future correspondence in this action, including, but not necessarily limited to, important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____, 2020     Submitted by:

                                             Print Name: _____

                                             Signature: _____

PLEASE RETURN THIS FORM VIA U.S. MAIL TO:  
*Noland-Moore v. City of Cleveland*  
*Class Action Settlement Administrator*  
c/o [Claims Administrator]  
P.O. Box \_\_\_\_\_  
_____,\_\_ \_\_\_\_\_