UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARGERITA NOLAND-MOORE,<br>*On behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>*v.*<br><br>CITY OF CLEVELAND,<br><br>Defendant. | )<br>)<br>)<br>)<br>) CASE NO.  1:18-cv-02730<br>)<br>) JUDGE JOHN R. ADAMS<br>)<br>)<br>)<br>)<br>)<br>) |

## **DECLARATION OF**
## **PLAINTIFF'S COUNSEL RYAN A. WINTERS**

I, Ryan A. Winters, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my personal knowledge, information, and belief:

## **INTRODUCTION**

1. I am an attorney and partner at Scott & Winters Law Firm, LLC ("S&W" or "Class Counsel") and I am personally familiar with my firm's involvement in this litigation.

2. I am an attorney at law, duly admitted to practice before the courts and administrative agencies of the State of Ohio.

3. I am one of the attorneys representing the Plaintiff who filed this matter against Defendant City of Cleveland.

4. This declaration addresses matters relevant to the proposed settlement and approval thereof by this Court under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), R.C. § 4111.01 *et seq.* and Fed. R. Civ. P. 23, including section (e)(2)(C)(iii). This Declaration covers the background, issues and course of the litigation, the negotiation and terms of the settlement, the propriety of approval of the settlement as a whole, and the propriety and

reasonableness of the proposed settlement – the settlement payments to Plaintiff and attorneys' fees to Plaintiff's Counsel. Details of the settlement are also provided in the Joint Motion for Preliminary Approval of Class Action Settlement, Joint Stipulation of Class Action Settlement and Release (the "Settlement Agreement"), Class Member List, General Settlement and Release Agreement of Named Plaintiff, and Proposed Notice of Class Action Settlement and Fairness Hearing.

### S&W's Wage & Hour Experience

5. I, Attorney **Ryan A. Winters**, graduated from the University of Iowa, College of Law in 2010. I am admitted to practice law in the State of Ohio, the United States District Court for the Northern District of Ohio, the United States District Court for the Southern District of Ohio, the United States District Court for the Eastern District of Michigan, and the United States District Court for the District of North Dakota. I have over 8 years of civil litigation experience, and have presented on wage and hour issues to other lawyers for Continuing Legal Education.

6. I am rated as an Ohio Rising Star by Super Lawyers, which recognizes the top 2.5% of attorneys under 40 years old practicing in Ohio. My professional career has been focused on employment litigation generally, and wage and hour civil litigation specifically.

7. I have served as co- and/or lead-counsel in approximately 100 wage and hour matters brought in the United States District Court for the Northern District of Ohio, the United States District Court for the Southern District of Ohio, the United States District Court for the Eastern District of Michigan, the United States District Court for the District of North Dakota, and the Cuyahoga County Court of Common Pleas. I have presented on wage and hour issues to other lawyers for Continuing Legal Education.

8. Representative matters involving claims specifically arising under the Fair Labor Standards Act and analogous state laws in which I have served as lead or co-counsel include the following:

- *Mandour v. Newman Technology, Inc*., United States District Court for the Northern District of Ohio, Case No. 1:13-CV-1222;

- *Newsom v. G & L Media, LLC, et al*., United States District Court for the Southern District of Ohio, Case No. 3:14-CV-00028;

- *Stein v. Garfield Jewelers, LLC, et al*., United States District Court for the Northern District of Ohio, Case No. 1:12-CV-01855;

- *Hume v. Ron Carrocce Trucking, Inc., et al*., United States District Court for the Northern District of Ohio, Case No. 4:12-CV-1106;

- *Clarke v. Revenue Assistance Corporation*, United States District Court for the Northern District of Ohio, Case No. 1:16-CV-1667;

- *Hodges v. Salvanalle, Inc., et al*., United States District Court for the Northern District of Ohio, Case No. 1:12-CV-02851;

- *Arocho v. Crystal Clear Building Services, Inc., et al*., United States District Court for the Northern District of Ohio, Case No. 1:12-CV-2186;

- *Pearson v. CSK Auto, Inc*., United States District Court for the Northern District of Ohio, Case No. 1:12-CV-2905;

- *Walker, et al. v. Reliable Runners Courier Service, Inc*., United States District Court for the Northern District of Ohio, Case No. 1:15-CV-00760;

- *Graybill v. KSW Oilfield Rental, LLC*, United States District Court for the Southern District of Ohio Case No. 2:15-CV-2462;

- *Diaz, et al. v. New Work City, Inc, et al*., United States District Court for the Northern District of Ohio, Case No. 5:16-CV-2319;

- *Diaz v. Dakota Travel Nurse, et al.,* United States District Court for the District of North Dakota, Case No. 1:17-CV-00012;

- *Terry, et al. v. ProMark Contracting, LLC, et al.*, United States District Court for the Northern District of Ohio, Case No. 1:14-CV-2542; and

- *Wright v. Premier Courier, Inc., et al*., United States District Court for the Southern District of Ohio Case No. 2:16-CV-420.

9. Attorney **Joseph F. Scott** is a partner at S&W. Attorney Scott graduated from the University of Akron, School of Law where he was a member of the Law Review in May, 1985. He subsequently passed the Ohio Bar examination and was admitted to the practice of law in the State of Ohio in November 1985. He was further admitted to the United States District Court for the Northern District of Ohio in December 1985 and the United States Sixth Circuit Court of Appeals in January 1986. He is also admitted to practice before the United States District Court for the Southern District of Ohio, the United States District Court for the District of North Dakota, and the United States District Court for the Eastern District of Michigan.

10. Attorney Scott's career has been focused on civil litigation. He has a wide range of experience conducting civil jury trials in both state and federal courts including matters concerning employment litigation, torts, wrongful death, construction law, federal civil rights litigation, and matters asserting claims under the Fair Labor Standards Act. Attorney Scott has served as lead counsel in over 200 matters brought in the United States District Court for the Northern District of Ohio. He has also served as co- and/or lead counsel in matters brought in the United States District Court for the Southern District of Ohio, the United States District Court for the District of North Dakota, the United States District Court for the Eastern District of Michigan and has obtained pro hoc vice admission in the United States District Court for the District of Columbia.

11. Attorney **Kevin M. McDermott II** is *Of Counsel* to Scott and Winters Law Firm, LLC. Attorney McDermott is a graduate of Cleveland-Marshall College of Law and was

4

admitted to practice law by the Ohio Supreme Court in November, 2013. Attorney McDermott has approximately 6 years of civil litigation and wage and hour experience. He is also admitted to practice before the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Northern District of Ohio, the United States District Court for the Southern District of Ohio, the United States District Court for the Eastern District of Michigan, and the United States District Court for the District of North Dakota. Attorney McDermott began working on wage and hour litigation immediately upon starting practice. He frequently represents workers in employment-related disputes including wage-and-hour matters related to unpaid overtime compensation; unpaid minimum wage; employers misclassifying employees as independent contractors; employers misclassifying employees as exempt; improper time rounding or editing practices; improper tip practices; unpaid compensable preliminary and postliminary work; unpaid workday travel time; and unpaid compensable meal periods and rest periods.

12. Attorney McDermott's professional career has been focused on employment litigation generally, including wage and hour civil litigation specifically. He frequently represents individuals and groups of employees in class, collective and individual wage and hour actions. Attorney McDermott has served as co- and/or lead-counsel in over 50 wage and hour matters brought in federal and state courts. He has briefed, argued and won before Ohio's Eighth District Court of Appeals in an employment matter involving unpaid minimum wages.

13. Recently, another Ohio federal court issued an opinion favorably commenting on S&W's work in a wage and hour litigation.[1]

---

[1] *Wright v. Premier Courier, Inc.*, S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *18-19 (Aug. 17, 2018) (finding "the hours expended and time records submitted by Class

5

## THE SETTLEMENT OF THE CLEVELAND 2018 WAGE CASE

14. I am knowledgeable about the claims, issues, litigation, and settlement of the above-captioned case.

### *The Claims and Issues*

15. Plaintiff Margerita Noland-Moore filed a Class and Collective Action Complaint in this Action (ECF #1) on November 26, 2018, and a First Amended Complaint on February 3, 2019 (ECF #10). Plaintiff alleged that she and other hourly employees' longevity pay and shift differential pay was not properly factored into their overtime pay, and are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and O.R.C. §§ 4111.01, *et seq.*

16. Defendant denied Plaintiff's claims and asserted affirmative defenses. (See Answer to Amended Complaint, ECF #11.)

### *Discovery and Document Analysis*

17. Between March and May of 2019, the Parties engaged in informal yet comprehensive discovery regarding the Plaintiffs' claims and the Defendant's defenses to such claims. Class Counsel also conducted extensive investigations into the facts before and during the prosecution of the Action.

18. This discovery and investigation has included, among other things (a) meetings and conferences with the Plaintiff and other putative class members; (b) inspection and analysis of class-wide documents produced by the Defendant, including analysis of wage-and-hour information and other data and documents comprising of over 2,000,000 data points from the

---

Counsel further underscore their competency and efficient handling of this matter, favoring approval.")

records produced by Defendant; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of class treatment; (e) analysis of potential class-wide damages; and (f) research of the applicable law with respect to the claims and potential defenses thereto.

19. Plaintiff has vigorously prosecuted this case, and Defendant has vigorously contested it. The Parties have engaged in sufficient investigation and discovery to assess the relative merits of the claims and of Defendant's defenses to them.

*Settlement Negotiations*

20. Settlement negotiations were protracted and difficult. A full day mediation with Mediator Jerome Weiss, a very seasoned and experienced mediator, on July 24, 2019 was unsuccessful in achieving a settlement.

21. Subsequent to the mediation, the Parties engaged in approximately three additional months of negotiations and ongoing mediation/settlement efforts through telephonic and electronic communications.

22. In advance of the mediation, the parties prepared and submitted mediation memoranda demands and responses addressing merits and damages issues. Subsequent to the mediation, the Parties exchanged settlement proposals in an effort to narrow their positions, and after prolonged and difficult negotiations the settlement was achieved in principal on October 22, 2019.

**THE TERMS OF THE SETTLEMENT AND RELEASE OF CLAIMS**

*The Scope of Settlement*

23. If approved by the Court, the proposed Settlement will resolve disputed claims between the Parties. The Settlement will resolve federal and state wage-and-hour claims of the

named Plaintiff and all other members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

24. As highlighted below, Defense Counsel and Class Counsel believe that certification and Settlement are appropriate because the Released Claims are being compromised without need to establish the elements of those claims on which liability turns, in addition to providing a substantial recovery to Class Members in light of the procedural and substantive encumbrances underscored by Defendant.

25. Named Plaintiff and Class Counsel believe the claims asserted in the matter have merit and that the evidence developed to-date supports the claims asserted. Plaintiff and Class Counsel, however, also recognize the risk and expense of trying and, if necessary, appealing this action, and believe that the Settlement confers substantial benefits upon the Class Members.

*The Proposed Settlement Payments and Distributions*

26. **Total Settlement Amount.** Defendant has agreed to pay the Gross Settlement Amount of $619,322.13 as set forth in the Settlement Agreement (Exhibit 1 ¶¶ 15, 19a.). That sum will be used to make settlement payments to the Plaintiff and other members of the proposed Settlement Class (i.e., "all present and former hourly employees of Defendant who received longevity pay and/or shift differential pay that was not rolled into their overtime pay during the period November 26, 2015 to November 19, 2019"), which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiff and other Class Members; (2) Attorneys' Fees and Reimbursed Litigation Expenses; (3) Costs of Administration; (4) Service Award; and (5) any other obligations of Defendant under this Settlement Agreement.

27. **Payments to Settlement Class Members.** From the Gross Settlement Amount, the total sum of $422,655.46 shall be allocated to the 4,248 Potential Class Members whose names are listed in the Class Member List attached as Exhibit 5, resulting in an approximate average gross recovery of $99.50 per Class Member. Payments to Class Members are based proportionally on each Class Member's overtime damages based on the calculations Defendant's Counsel provided to Class Counsel on May 7, 2019 and updated calculations provided on December 9, 2019 and February 4, 2020. Based on the settlement amount for the Class, Class Members will receive approximately 89% of the calculated damages.

28. Inherent in the proposed distribution method in which Class Members are distributed settlement payments based on their actual damages during the relevant period, the settlement proposal treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). Plaintiff, as a member of the Settlement Class, will participate in this recovery under the same procedure applicable to other Class Members. Importantly, this is not a "claims-made" settlement. All potential Class Members who do not exclude themselves from the settlement will receive a settlement check.

29. **Service Award.** The proposed Settlement provides for a service award to Plaintiff Margerita Noland-Moore in the amount of $5,000 in recognition of her assistance to Class Counsel and her contribution to achieving the Settlement on behalf of all Class Members. The proposed service award is well-earned. Among other things, Plaintiff Margerita Noland-Moore consulted with Class Counsel at critical stages, attended court hearings and meetings, and provided important documents and information throughout the course of the litigation. Her contributions were instrumental in enabling Class Counsel to negotiate the proposed Settlement.

30. **Attorneys' Fees and Cost Reimbursements.** From the Gross Settlement Amount, Class Counsel will receive attorneys' fees and costs in the total amount of $191,666.67. After reductions for litigation and settlement administration expenses, the attorney fee recovery will equal approximately 27.9% of the $619,322.13 settlement fund. The attorneys' fees, and the settlement as a whole, are supported by this Declaration of Class Counsel. (*Id.*)

31. As provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel will not be paid by Defendant until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiff and other Class Members. (*See* Exhibit 1, ¶¶ 25-27.).

## THE PROPRIETY OF APPROVAL

32. Litigating FLSA claims is always risky and uncertain, and Plaintiffs would have to establish not only Defendants' liability but also employees' damages. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiff and all Class Members.

33. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiffs will prevail at trial and the litigation could be long and protracted. In contrast, the Settlement assures that the Plaintiff and Settlement Class Members will receive significant compensation. Given the uncertainties surrounding a possible trial in this matter, the certainty and finality of a settlement that will substantially benefit the Plaintiff and Class Members is in the public interest.

### *The Settlement Payments Are Fair, Reasonable, and Adequate*

34. The proposed Settlement will make individual settlement payments available to the Plaintiff and Settlement Class Members representing a substantial percentage of their claimed

damages. The proposed Settlement comes as the result of a substantial negotiation process, which included a full day mediation and follow-up discussions with the assistance of Mediator Jerome Weiss, an experienced mediator of complex cases, including wage and hour actions. These negotiations were conducted at arm's length throughout by attorneys experienced in complex wage-and-hour litigation. The parties were represented by law firms with extensive litigation and employment law experience. Class counsel certifies that the Settlement Agreement resulting from these negotiations was reached at arm's length and is one that is fair and reasonable to all.

### *The Service Award is Proper and Reasonable*

35. The service award to Plaintiff Margerita Noland-Moore is amply justified by her assistance to Plaintiff's Counsel and their contribution to achieving the Settlement on behalf of all Class Members. Plaintiff attended multiple meetings, the case management conference before the Court, and was always readily available to counsel to provide documents, information, and answer key questions throughout the course of litigation. The proposed service award of $5,000 is reasonable and well-earned. Her contributions were instrumental to achieving the proposed Settlement. Plaintiff faithfully represented the interests of the Settlement Class and ably assisted Plaintiffs' counsel. Her contributions were instrumental in achieving this Settlement on behalf of all concerned.

### *The Attorneys' Fees Are Proper and Reasonable*

36. The amount agreed upon for attorneys' fees satisfies the Sixth Circuit's standard for FLSA settlements. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiffs' counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

37. The Settlement provides for attorneys' fees and costs and expenses to Class Counsel in the amount of $191,666.67 – $172,863.17 in attorneys' fees and $18,803.50 in expenses. After reductions for litigation and settlement administration expenses, the attorney fee recovery will equal approximately 27.9% of the $619,322.13 settlement fund. This fee award is reasonable in light of the benefit achieved for Plaintiff and Settlement Class Members. The fee recovery is inclusive of the future time that will be spent on the matter, including but not limited to additional hours accumulated while preparing for an attending the fairness hearing, continuing to respond to questions and inquiries from Class Members, administrative activities related to the settlement, and continuing representation of Plaintiff and Class Members through the conclusion of this matter.

38. Plaintiffs' requested attorneys' fees award (including costs) comprises approximately 30.9% of the overall amounts recovered. Plaintiffs' requested attorneys' fees award is less than the one-third standard award regularly approved in FLSA collective actions and class actions. *See, e.g., Wright v. Premier Courier, Inc.,* S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019 (Aug. 17, 2018); *Osman v. Grube, Inc.*, N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6-7 (May 4, 2018); *Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *20-21 (Mar. 8, 2010); *Farkas v. Boschert*, E.D.Mich. No. 17-cv-12536, 2018 U.S. Dist. LEXIS 105263, at *6-7 (June 25, 2018); *Rotuna v. W. Customer Mgt. Group, LLC*, N.D.Ohio No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, at *22 (June 15, 2010)

39. In addition, Class Counsel took on this case pursuant to a contingency fee agreement. In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. *See, e.g.,*

*Premier Courier, Inc.,* 2018 U.S. Dist. LEXIS 140019, at *17 (Aug. 17, 2018); *In re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litig.*, 268 F. Supp. 2d 907, 936 (N.D. Ohio 2003) ("Absent this class action, most individual claimants would lack the resources to litigate a case of this magnitude."). S&W has not been compensated for any time or expense since the matter began. However, S&W are prepared to invest time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind.

40. The NERA study was cited in 2000 as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942, 988 (E.D. Tex. 2000). *Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *19-20 (Mar. 8, 2010)(citing study conducted by the National Economic Research Associates). The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action] settlement," although "the average result achieved for class members was only 7% to 11% of claimed damages." *Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12).

41. Measured by the NERA benchmarks, the proposed Settlement in the present case is exemplary. Class Counsel have actively and aggressively litigated this case against the formidable defense mounted by Defendant. Counsel's efforts included extensive document discovery, mediation and follow-up negotiation, and tedious analyses of damages-related documents and data. As provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel will not be paid by Defendant until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiff and other Class Members. (*See* Fed. R. Civ. P. 23(e)(2)(C)(iii).)

42. The resulting settlement negotiated by Plaintiffs' Counsel ensures substantial payments to the Plaintiff and Class Members.

### *Reimbursement of Expenses*

43. To date, S&W also incurred reimbursable out-of-pocket expenses in this case in the amount of $18,803.50. Those expenses constitute costs that were reasonably necessary to prosecute the action. The $191,666.67 requested fee and costs reimbursement includes these sunken costs.

44. S&W has vigorously represented Plaintiff and the Settlement Class in this action, has conducted a significant investigation of the claims at issue, and has obtained a thorough familiarity with the factual and legal issues presented in this case.

45. I believe that the proposed settlement is a fair, adequate and reasonable compromise of disputed claims.

46. The amount proposed for attorneys' fees satisfies the Sixth Circuit's standard for FLSA attorney fee awards.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
rwinters@ohiowagelawyers.com

*An Attorney for Plaintiff*

Executed on: February 5, 2019