## SETTLEMENT AGREEMENT AND RELEASE

This Agreement ("the Release Agreement") is made by and between the City of Cleveland ("Cleveland" or "Defendant") and Margerita Noland-Moore ("Plaintiff").  In consideration of the mutual promises set forth below, Plaintiff and Defendant agree as follows:

**1.** *Payment*.  In consideration of the terms and conditions of this Agreement, Defendant agrees to pay Plaintiff the total sum of $5000.00.  Within 60 days of the entry of an Order granting approval of the Joint Stipulation of Class Action Settlement and Release and dismissal of the Action with prejudice, Defendant will issue a Form 1099 for this payment.

**2.** *Release of Claims*.  Plaintiff releases Defendant, all present and former related entities, Mayors, employees, officers, directors, members, stockholders, insurers, managers, attorneys, agents, representatives, successors, assigns, and employee benefit plans and programs and their administrators and fiduciaries (collectively "Releasees") from all claims, causes of action, and liabilities under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and/or the Ohio Minimum Fair Wage Standards Act, R.C. §§ 4111.01 *et seq*, , known or unknown, that arose before Plaintiff signed this Agreement.

Plaintiff understands that this release includes, but is not limited to, the following subject matters:  all claims set forth in the Complaint filed in the First Amended Complaint filed *Margerita Noland-Moore v. City of Cleveland*, Civ. Action No. 18-cv-2730 in the United States District Court for the Northern District of Ohio.

This release does not include any claim, cause of action, or liability arising out of acts or occurrences that take place entirely after the Court enters a Final Approval of the Joint Stipulation of Class Action Settlement and Release.  This release includes claims that Plaintiff does not have knowledge of at this time.  Except where otherwise prohibited by law, Plaintiff voluntarily waives Plaintiff's right to any additional money or relief that a third party might recover on Plaintiff's behalf for any claim released herein.

**3.** *No New Legal Proceeding*.  Plaintiff agrees not to file any lawsuits, claims, arbitration demands, or legal proceedings against Releasees based on any claim she releases in this Agreement.

**4.** *Administrative Proceedings*. Notwithstanding any other provision of this Agreement, Plaintiff remains free to file administrative charges or complaints with government agencies, such as the Equal Employment Opportunity Commission and the National Labor Relations Board, and remains free to participate in investigations and proceedings conducted by those agencies.  Plaintiff agrees that she is not entitled to any monetary relief from such agencies for any claims arising under the FLSA and/or Ohio Minimum Fair Wage Standards Act released in this Agreement due to the amounts received under this Agreement.

.

5. *Plaintiff Has Not Sold or Assigned Any Claims*. Plaintiff is the sole legal and equitable owner of all of the rights, claims, and causes of action that she releases in this Agreement. She has not assigned, sold, transferred, or encumbered any of these rights, claims, and causes of action to anyone else. Plaintiff understands that Defendant is relying on her representations in deciding to enter into this Agreement.

6. *No Admission of Wrongdoing*. Plaintiff and Defendant understand that none of them admit any wrongdoing by signing this Agreement and that nobody should interpret this Agreement as an admission that they did anything wrong or illegal.

7. *Waiver*. The failure of either Plaintiff or Defendant to require performance by the other of any provision of this Agreement shall in no way affect the right to require performance at any time thereafter, nor shall the waiver of a breach of any provision of this Agreement operate as a waiver of any succeeding breach of such provision or as a waiver of the provision itself. Further, Plaintiff and Defendant agree that the delay by any party in exercising their rights under this Agreement will not operate as a waiver of such rights.

8. *Governing Law and Forum Selection*. The provisions of this Agreement are governed by and to be construed in accordance with the laws of the State of Ohio. The parties agree that the only proper place to determine rights under this Agreement is before Judge Adams in the United States District Court, Northern District of Ohio, Eastern Division.

9. *Severability and Reformation*. Defendant and Plaintiff intend for all of the provisions of this Agreement to be severable and reformable. If any part of this Agreement is found to be unlawful or unenforceable, Defendant and Plaintiff want every other part of this Agreement to remain fully valid and enforceable to the maximum extent permitted by law.

10. *Execution in Counterparts*. The parties agree that this Agreement may be executed in one or more counterparts each of which will be deemed an original. The parties further agree that a signature via facsimile, pdf, or other electronic transmission is the same as an original.

11. *Headings*. The Headings in this Agreement exist only for the sake of convenience. The Headings do not constitute part of the Agreement.

12. *Agreements.* This Agreement is written in understandable English. This Agreement together with the Joint Stipulation of Settlement and Release constitutes the entire agreement between the Parties regarding the subject matter therein. The parties agree that neither this Release Agreement nor the Joint Stipulation of Settlement and Release are binding on either Party, and no payment is due under Paragraph 1, until and unless the Court approves the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and dismisses the Action with prejudice. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Plaintiff and Defendant. The Joint Stipulation of Settlement and Release cannot be amended, changed, altered, or modified except in accordance with paragraph 53 of the Joint Stipulation of Settlement and Release. Plaintiff acknowledges that no representation, promise, or inducement has been made other than as set forth in this Release Agreement and the Joint Stipulation of Settlement and Release, and

that she enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Joint Stipulation of Class Action Settlement and Release. Plaintiff also acknowledges that she has had the opportunity to consult with an attorney of her choosing concerning this Release Agreement and that she has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.

THIS ENTIRE DOCUMENT AND AGREE TO BE BOUND BY IT.

I indicate my assent to this Agreement by signing below:

**MARGERITA NOLAND-MORE**:            *On Behalf of* **THE CITY OF CLEVELAND**:

Signed: _____      Signed: _____

Print Name: _____      Print Name: _____
Date signed:_____      Print Title: _____
                                                          Date signed: _____